**FILED**
12/15/2020
CL
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Re : MONICA SHEKAR ,
              Petitioner.

) No: 20-cv-2984
)   Related case:20-cv-837
)

**PURSUANT TO RULE 59 (b) (2) and (3) and Rule 72 (b) 2)(3)**
**PETITIONER MONICA SHEKAR FILE HER OBJECTIONS TO MAGISTRATE**
**JUDGE FINNEGAN UNSUBSTANTIATED FINDINGS AND**
**MOTION TO VACATE THE ORDER OF DECEMBER, 2, 2020**

Petitioner Monica Shekar file this Objection to the magistrate Judge Finnegan's 'exparte' , *sua sponte* findings , threatened recommendations and seek to vacate the order in its entirety .

In support thereof Petitioner state as follows:

1. First of all , Petitioner has not been served with the order of December 2, 2020 with proof of service by certified mail. Henceforth the clock to file this Objection does not expire until after 14 days from the day the magistrate judge order was officially served.

   Rule 59 (b) (2) and Rule 72 (b) (2) Objections. Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.

2. A review of the docket by a counsel evidenced many deliberate efforts to defraud the petitioner and falsification of the record , docket entries, which includes in document (13) dated November 12, 2020 as to have sent `the order (13) by certified and regular mail to two different address whereas no mails received in either of the address, either regular or certified mail. Simply , it was never sent or mailed by the clerk. This is further evident from the fact there is no separate entry showing the certified mail number [like it has entered on December 2, 2020 order (15) )]

1

3. As additional abuse as to magistrate's *exparte* hearing, on December 2,2020 magistrate proceeded with the hearing knowing <u>fully well and aware</u> that petitioner had <u>no</u> notice of such hearing (as evidenced in Document 14,6 ) for the sole purpose to enter <u>threateningly worded abusive order.</u>

4. Magistrate <u>knew</u> she was proceeding *exparte* as the record will evidence that the court specifically instructed the clerk <u>not to mail anything to the petitioner</u> in its order of <u>June 24, 2020</u> (Document 6) as to a mailing returned. " MAIL RETURNED … **future mailings will not be sent** until a new address is provided to the Clerk's Office using a Notification of Change of Address <u>**or**</u> Pro Se Appearance form. (smm, ) (Entered: **06/30/2020**)"

5. The treacherous and tawdry conduct and abuse by the magistrate further evident from the threat to dismiss an unrelated case-20-cv-837 , in addition to the deliberate abuse of due process in proceeding with an *inappropriate* , *improper* exparte hearing, despite what it says in document 6 and 14.

6. Nevertheless, Petitioner received on December 12, 2020 by <u>regular U.S Mail</u>, a <u>one page</u> order of December 2, 2020 to the Schaumburg address (document 15)[1] . That is <u>ten days</u> after the purported order (15) was entered as it was deliberately delayed in mailing to <u>pre-empt any objections</u> even though the Rule requires to file objection only within 14 <u>days after served</u> .

7. Henceforth, the time to file Objections do not expire <u>until Monday December 28, 2020</u> ,as the 14 days to file objections starts from the day of service or the when the order received,

---

[1] Any mail sent impertinently to any other unauthorized ,ungiven address <u>will be refused and returned.</u> Clerk Michael Wade has been notified many times and sent E mails to remove the incorrect address , E mail and phone number in docket in 20-cv-837 and any other case. The unauthorized address , including personal information as to e mail and phone number as showing in docket was deliberately inserted by the former counsel Ed Hull when he withdrew ; when Hull knew that is not the proper address as he had been communicating only to Schaumburg address throughout the period when he was representing the Plaintiffs in 20-cv-837 and other cases.

which is  December 12,2020 and per Rule 59 (b) (2) and Rule  72 (b) (2) the 14th day falls December on 26th  being Saturday, it is till December 28th to file objections.

8. However, Petitioner do not wish to take any chance - given the history of abuses, harassment, malicious persecutory efforts, threats, intimidation of this Petitioner , and finding , looking and hunting for every possible opportunity to abuse  this petitioner of her rights by Judge Pallmeyer ,  who is channeling and diverting her  vindictiveness, anger        ( towards the Petitioner's husband  for his multiple legal actions he had taken against  her),  to this petitioner , now using magistrate judge Finnegan as a underline medium.

9. Petitioner do not  wish to risk her rights to file *an  appeal as of right* , and henceforth decided to start the clock of 14 days retroactively from the date of Order December 2, 2020, even though Petitioner has till December 28th  to file objections and the clock does not start until from December 12, 2020.

10. Petitioner  is required to file this objection   before filing an  appeal and to seek  appellate review of all the  abuses of the petitioner by Judge Pallmeyer , magistrate judge, including:

- appealing the viciously created   profiling docket 20-cv-2984 with inflammatory, derogatory rhetoric with no truth to any of the self-serving, conclusory statements *suasponte* added, inputted constantly, relentlessly;

- appealing  all the orders entered since therein starting with the appeal of the magistrate order of December 2, 2020 and any detrimental order on this motion;

- appeal to address the abuses , threats , manipulative , *exparte* hearings by the magistrate; the subsequent threats to dismiss an unrelated case 20-cv-837; and other multitude of abuses that will be  appealed including challenging the malicious creation of this defamatory, derogatory docket  , created solely as a

medium for harassment and defamation of the petitioner and to abuse her legal

rights to petition courts to redress grievances and seek relief in a court of law.

11. The "profiling", "bullying", "hazing" docket 20-cv-2984 which, besides displaying total disregard to the petitioner's rights, is also a <u>remarkable display of disrespect</u> and affront to, and cruel assault on the Petitioner's dignity, reputation, and Petitioner's high standards for moral scruples, truth, good 'karma' and ethics she follows in her life.

12. The abusive docket created and manufactured for vindictive purposes and <u>within a week</u> after petitioner ever exposed to this hostile and cruel forum for the <u>very first time</u> in her life. This derogatory docket hurriedly created within 48 hours of ever Petitioner filed anything in this cruel ,hostile venue, and <u>is littered</u> with <u>cacophonic , bogus fabricated baseless accusations</u> with self -serving conclusory and defamatory statements , fabricated with totally distorted , untruthful , alt-facts and rhetorical abuses.

13. The docket created in such a haste, hurriedness in *warp speed*, completely disregarding the Petitioner' s rights to refute those bogus, delusional and illusional and fabricated defamatory rhetoric as to ECF filings, electronic signature etc., etc.

14. Petitioner nevertheless <u>made it on record her opposition</u> in her motion to vacate the abusive docket. (document 4)

15. Petitioner is not expecting any justice or fairness or basic consideration of this motion but filing it anyway to run out the 14 days' time and to comply with Rule 59 (b) (2)

16. This objection is statutorily required as a prelude to Appeal, Petition for Mandamus to Seventh Circuit, Application to Supreme court , as failure to make timely objection to the magistrate's

order  may constitute a waiver of appellate review of the order.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).[2]

17. Petitioner  will  file a direct Rule 21 Mandamus Petition as well if necessary  ( and/or an *en banc* petition if necessary based on ruling by  the Seventh circuit once an appeal is filed ) . This appeal process will be taken  all the way to U.S.Supreme court by an Application, as the historic judicial abuses , overwhelmingly sprayed in  this docket are unprecedented , historic and inequitable.

18.  The rule requires the district judge to whom the case is assigned to make a *de novo* determination of  the   findings, or recommendations of a Magistrate Judge to which timely objection is made. The term "*de novo*" signifies that the magistrate's findings <u>are not protected by the clearly erroneous doctrine</u>.  *United States v. Raddatz,* 417 U.S. 667 (1980). See also Silberman, Masters and Magistrates Part II: The American Analogue, 50 N.Y.U. L.Rev. 1297, 1367 (1975).

19. However, Petitioner is also aware the *de novo* may not be applicable here as Judge Pallmeyer  is the 'mastermind and architect' of the abusive order by the  magistrate , working behind the scenes (more like a marionette) ,  as stated using the  magistrate as a " medium" for such  abuses.

---

[2] Petitioner is fully aware, Judge Pallmeyer will <u>now</u> be '<u>scheming</u>' the next conspiracy and collusion as to how to sabotage  the case 20-cv-837 to be dismissed, just like she colluded, intervened  with  Coleman to sabotage and dismiss the case 18-cv-3019 <u>within ten days</u> after petitioner's husband Roger Shekar served defendant Pallmeyer  waiver of service of summons  and  the law suit in State law suit 20LA007 . As a retaliation and vindictiveness for co-plaintiff in 18-cv-3019 ,Roger Shekar  sued Pallmeyer in a State court,  a case vigorously litigated by both  plaintiffs in 18-cv-3019 for two years, <u>suddenly dismissed under mysterious circumstances</u> within ten days after Pallmeyer was sued. It is beggar belief there  is <u>no</u> collusion, no tortious interference,  no connection as to Pallmeyer's abuse of her authority in <u>extracting</u> a dismissal from Coleman  of case 18-cv-3019 .As an evidence to prove beyond reasonable doubt of malicious persecution and harassment under color of office per Hobbs Act  by Pallmeyer, the dismissal order , a <u>four liner minute entry</u> acknowledged tacitly the  tortious  interference, collusion by a "Chief Judge" ( Pallmeyer). This is already briefed in the appeal of 18-0cv-3019,in the Appellant's brief. Petitioner husband is soon filing a motion in State court to join his wife as co-plaintiff in pending State case  20LA007 to seek damages caused form  obstruction of justice and tortious interference in case 18-cv-3019 by colluding with Coleman to  get the case dismissed. This itself raises a serious conflict as this petitioner will soon be an adversary and co-plaintiff in the pending State  case against defendant Pallmeyer, Finnegan, and Gettleman.

20. To start with, Magistrate Judge Finnegan <u>is not</u> the Magistrate Judge for Judge Pallmeyer who has nothing to do with 20-cv-837 as she has no jurisdiction over a case randomly assigned to another Judge Rowland.( or Judge Gettleman for now). Each District Judge works within their <u>sphere of authority and independent jurisprudence</u>; <u>no other judge</u> can <u>intrude, trespass, control and dictate</u> what another Judge should or should not do in a case before that Judge. (even though Judge Pallmeyer got lucky in her 'low brow' collusion efforts and arm twisting, extorting and extracting from Coleman a dismissal of the case 18-cv-3019)

21. The case 20-cv-837 is non-jurisdictional to Pallmeyer. "Jurisdiction can be challenged at any time." *Basso v. Utah Power & Light Co.* 495 F 2d 906, 910 " Once challenged, jurisdiction cannot be assumed, it must be proved to exist." *Stuck v.Medical Examiners* 94 Ca 2d 751. 211 P2d 389. ." *Maine v Thiboutot* 100 S. Ct. 250.

22. In essence any order threatening dismissal or even recommending dismissal of an unrelated case 20-cv-837 by the magistrate is without any merit, without any authority under Article III of the Federal Magistrates Act. The December 2,2020 order is a nullity , void, besides the *exparte* 'alleged' hearing took place knowing filly there was no notice just from the record evidence ( Document 14, 6)

" The law is well-settled that a void order or judgement is void even before reversal", *Valley v. Northern & Marine Ins. Co.,* 254 U.S. 348, 41 S. Ct. 116 (1920) Defense of lack of jurisdiction over the subject matter <u>may be raised at any time</u>, even on appeal.." *Hill Top Developers v. Holiday Pines Service Corp.*,478 So. 2d. 368 (Fla 2nd DCA1985).

23. The December 2, 2020 besides lack jurisdiction, besides a vexatious harassment and serve as another evidence of malicious persecution of this petitioner by the magistrate , it also

made several self-serving *fantasy* <u>assumptions</u>; <u>altered facts</u> ; <u>made conclusory statements;</u>
<u>arrived at erroneous findings</u> and **threatened** with **<u>recommendations to dismiss</u> an**
**unrelated case 20-cv-837 .**

23. As stated earlier,  the December 2, 2020 hearing was *exparte* as evidenced before, with no
notice of the hearing and the magistrate  was fully aware  of it. The evidence is in the docket
where  it is clearly noted that the mail was returned  undeliverable. (Document 14,6 )

24. In addition, magistrate judge and Judge Pallmeyer and clerk aware from the court's own
order that the E mail address used for e-filing by the petitioner  was  <u>deactivated in June</u> and
<u>blocked  the E mail address</u> of the Petitioner for <u>incoming E mail in court system</u>.  In
exchange to 'return the favor'  , petitioner E mail used  for  filing to send by E mail has been
blocked from <u>receiving any incoming</u>  Emails to her E mail address from all E mail addresses
bearing  domain with <u>ilnd.uscourts.gov</u> .  This includes all E mails   blocked from receiving
any mails in inbox including Pacer which has an <u>ilnd.uscourts.gov</u> address. This rational
move by the Petitioner was made on June 4,2020,  as no point in  allowing the court system
to have <u>one way traffic</u> to abuse the petitioner by blocking her E mail for sending by
blocking the incoming E mail from the Petitioner (as one of many  harassments).

25.  As additional evidence   and the fact  the magistrate fully aware of the above ,  Petitioner's
husband sent an  E mail to the clerk Michael Wade  with a copy to court room deputy for
magistrate , Alison Engel, on June  4, 2020 stating clearly and reads as follows:

**From:** ██████████████████
**Sent:** Thursday, June 4, 2020 2:50 PM
**To:** 'michael_wade@ilnd.uscourts.gov.
 **Cc:** 'mary_rowland@ilnd.uscourts.gov' <mary_rowland@ilnd.uscourts.gov>;
'Allison_Engel@ilnd.uscourts.gov' <Allison_Engel@ilnd.uscourts.gov

Copies marked to:

Hon. Christopher Wray, FBI Director via E mail
Hon. Corey Ellis, Executive Director For the U.S attorneys ███████████
Chief Justice John Roberts, Jr███████████████████; as Chairman of the Judicial Conference of the United States Courts
Associate and Circuit Justice Kavanaugh ███████████████████ ( reference -Application dated May 23, 2020 and subsequent amended/supplemental filings)
Judge Anthony J. Scirica  Chairman of the U.S Supreme Court Committee on Judicial Conduct and Disability ████████████████████
Hon. Michael E. Horowitz, Inspector General , United Sates Dept. of Justice via E mail  Michael_e_horowitz@usdoj.gov.
Hon. Jerry Nadler , Chairman , House Committee on Judiciary
Hon. John Gore, Asst. Attorney General , Civil Rights Section, Criminal Section, U.S Dept. of Justice
Honorable  James Duff, Administrative Director, U.S. Courts,  Washington, D.C Via E mail  jduff@████████████
Magistrate Judge Finnegan , through court room deputy Allison Engel
District Judge Rowland

Synapse of the  E mail:*
*Petitioner has proof this E mail was received and read by the recipients with 'E mail Read duration'

> "…My wife E mail *cseltd@mail.com is blocked  and will not  receive any e mail from the clerk server with domain  ilnd.uscourts.gov;  this  personal E mail my  wife used for sending the motion and for her ECF filings is   blocked for incoming  E mails from  any  E mail address with domain name bearing  ilnd.uscourts.gov;"*

26.  In addition , as a third record evidence , page 3 footnote  of the Petitioner's filing  "Motion to  Quash, Preliminary Response" to the baseless, frivolous , abusive RTSC will further prove  that the E mails cseltd@mail.com  is blocked ,  attached as **Exhibit 1.** (document 7)[3]

---

[3] This filing (7) was deliberately delayed entry  for a month by the clerk till July1,2020  despite  received on June 2,2020 and backdated to  June 2, 2020 as the header evidence. Thus the record  is fraudulently altered by clerk  and deceptively delayed till July 1 to enter a filing received on June 2 in a failed attempt to  create some sort of default and waited a month to enter  the Motion to Quash and Response(7)  on the abusive June 1 RTSC order as if Petitioner failed to respond.  This unprecedented fraud  and lying and forgery by clerk  as to date of filing which is self-evident from the received date of June 2,2020 is addressed to FBI Director and Inspector general of the Dept. of Justice by the Petitioner' s husband  in relation to the ongoing covert investigation on Petitioner's   husband complaint with the U.S Dept. of  Justice and Inspector General and Judiciary Committee Chairman.

27. So <u>pretending ignorant</u> of (Document 14,7 ,6 ) which clearly inform that mailings returned; E mail blocked and still conducting an *exparte* bogus hearing by the magistrate is another *hoax* , *side show and spectacle*, another *harassment* just like claiming "E mailed notices to an obsoleted E mail address knowing fully well E mail to cseltd@mail.com was set for <u>blanket blocking</u> for <u>ilnd.uscourts.gov</u> since June 4, 2020 as notified to court and clerk - Exhibit 1, ( who are fully aware that E mail notices would <u>have never been delivered to inbox</u> of cseltd@mail.com since June 4, 2020, irrespective what the deliberately inputted ,falsified docket entries say by deceptively including in the entry as the email address noticed).

28. The order continues with self-serving imaginations and goes on to assume as to " 12 noon lunch time" ! , with <u>no clue</u> of Petitioner's job functions, her hours. Petitioner is a stellar National Board Certified Educator ,Teacher and Professor and is not working at a '9 to5' office or clerical job to have specific lunch time. Petitioner is on a 6 A.M to 11 P.M work hours day , on two jobs, as STEM Teacher ( **S**cience **T**echnology **E**ngineering and **M**athematics) during the day and Professor of Math in the evening job at a College.

29. In addition, Petitioner do not have the *luxury* to take a 90 minutes to 2 hours lunch time like the employees at clerk's office and others including magistrate enjoy , at the expense of hard working tax payers monies paid by this petitioner. ( leave alone other exotic perks , several weeks of vacation pay and top notch health insurance paid by petitioner's taxes , only to abuse the petitioner in return).

30. Petitioner's <u>varied and brief 15 minutes lunch time</u> is a '<u>working lunch</u>' , with students constantly approaching seeking help with homework and other questions which they are shy to ask in class room and approach alone for help.

31. This case is not a like typical *generic* civil case where there exists a 'Plaintiff and Defendant' requiring a formal appearance, another harassment by the magistrate. As an evidence there need no appearance, the prior filings by the Petitioner in this docket have been entered. Besides, the docket clearly says, " Notification of Change of Address **or** Pro Se Appearance form" (document 6 ,14).[4]

32. This is a docket or case viciously created by Judge Pallmeyer for desperate vindictive purposes to abuse the petitioner with MALICIOUS PERSECUTORY efforts; harassment purposes; for bullying the Petitioner with multitude of self-proclaimed accusations; slanderous statements ; defamatory rhetoric; using inflammatory and derogatory language with total disrespect of the Petitioner; to tacitly paint and project the petitioner as a liar in public domain; to sabotage and damage Petitioner's high reputation as a highly respected and regarded professional in Education community. All these abuses started by frivolously disabling e-filing for no reason or cause, within 48 hours of ECF registration under collusion by Judge Gettleman after he saw the filing of motion to recuse Gettleman with supported affidavits as to conflict of interest amongst other reasons (document 33 in 20-cv-837)

33. The harassment with multitude of threats , is now carried through magistrate judge as a medium, with Pallmeyer acting as a *marionette.*

34. Petitioner is not going to be **cowed down by such threats,** and **strong arm tactics**, which include <u>threatening</u> with dismissal of an <u>unrelated case 20-cv-837</u> for a <u>totally irrelevant ,</u>

---

[4] Though the address obviously known , Petitioner has a right to refuse any abusive, harassment mailings from clerk, magistrate in view of the fact Petitioner's husband has a pending Petition for Order of Protection and Restraining Order filed in State court in case 20LA007 against the defendants Finnegan, Pallmeyer and others which prohibits any contact in any form, shape or manner with Plaintiff Roger Shekar, and his family including his wife, this petitioner Monica Shekar. Plaintiff Roger Shekar in State case has proof of electronic service and notice of the said Petition for Restraining order to the defendants ,including Finnegan, Bruton, and all others.

moot issue as to an "electronic signature"  on a  motion to transfer the case to randomly

assigned  Judge Rowland, when the magistrate judge is aware there exist no such "refiled

motion" filed on May 26, 2020 in docket. The motion sent for filing in 20-cv-837 never filed,

made unfiled , and amusingly , laughably **denied an unfiled** motion . So the abuse,

harassment, bullying and hazing of this Petitioner  cannot be clearer .

35. Petitioner cannot wait to see what the Seventh circuit  thinks as to these flagrant , deliberate

vicious , overwhelmingly superfluous and conspicuous abuses and malicious persecution and will

appeal  timely.

36. This court is informed that the '**jig is up'**;  Petitioner is very well aware how Judge Pallmeyer

colluded with another judge Coleman to have  the case 18-cv-3019 dismissed where both this

petitioner and her husband Roger Shekar are the plaintiffs. The dismissal order in 18- cv-3019

clearly evidence the collusion ,tortious interference and obstruction of justice by Pallmeyer  as

it tacitly discloses the  collusion, tortious interference in writing ,  and tacitly admitting *exparte*

communications happened with "Chief Judge" .

37. The out of control desperateness of vindictiveness , vengeful acts against the petitioner's

husband , by abusing the office for malicious persecution   cannot be clearer in Pallmeyer's

inappropriate and tortious  interference with another Judge,  abuse of her authority to

'arm twist' , extort and extract a dismissal from another judge and sabotaged the case

18-v-3019 to appease her unquenchable thirst  for revenge and vindictiveness abusing the

office.

38. The above abuses,   tortious interference in 18-cv-3019 has  already been addressed with

Seventh circuit in the 300 pages Appellant's Brief in  20-1429 ( a public document)  under the

caption paragraph :

*"The Dismissal As Sanctions Is A  Product Of Provable Criminal Collusion Amongst
Coleman, Pallmeyer And Castillo Leading To Sudden Dismissal  Of The Case"*

39.  Now that pattern of abuse and collusion seemingly repeats and continues in 20-cv-837

through a magistrate judge (  who is not assigned to her) , threatening to dismiss an unrelated

case 20-cv-837 , for a bogus cause and abuse and harassment of frivolous questioning an

"electronic signature" by this petitioner in an " **unfiled , denied  on an allegedly "re-filed"**

**Motion to transfer the case"** back to randomly assigned  Judge Rowland. The purported

"re-filed"  May 26,2020 ( unfiled and denied)   "motion to transfer"    does not exist in any

docket ; does not exist in this Galaxy.

40. It is irrelevant , not applicable , moot and baseless for this  Petitioner  even to attempt  to  defend

on a "non-existing  ghost filing of May 26, as to electronic signature," , ( which was  further *sua*

*sponte* made "**unfiled  denied  the alleged re-filing**" ) .

41. Irrespective of this  above fact, and to cover all bases, Petitioner inform that electronic

signature nomenclature  is denote a signature as  /s/ followed by name whether *Pro Se* or an

attorney signs the filings,   it doesn't change. There  is no need to sign like an autograph .

In addition the COVID pandemic  order specifically states how to sign  *Pro Se* filing sent by

E mail.   Below is one such order repeated many times  in every COVID order:

*" Court will accept filings from Pro Se litigants via email that comply with these
requirements:*
   *(i) the filing must be in PDF format; (ii) the filing must be signed s/ [filer's name]"*

42. The only motion to transfer filed  on May 13,2020 was not on this case, but filed in 20-cv-837.

That motion was   seized, intercepted ,   mysteriously seeped in to this case 20-cv-2984;   "**made**

**unfiled and denied**", entered  in this docket,  when the Motion to transfer not even filed  in this

docket to begin with , but rather filed in 20-cv-837 .

43. After denying the motion in in this docket, that order was also 'planted' in 20-cv-837

( Document 36 in 20-cv-837:  " Docket entries R. 28, 32, and 33 are <u>deemed to be unfiled</u> in

Case No. 20-cv-00837 " )  This is an abuse beyond the pale, beyond one's sanity.

44. More striking abuse  and evidence of harassment is the June 1, 2020 order (document 3 )

where it claims , "  *Separately, on May 26, 2020, a motion was filed, again bearing Monica*

*Shekar's electronic signature, seeking to transfer Case No. 20-cv-00837 back to Judge*

*Rowland*" ……..  **the  refiled motion is denied**  "  ( when nothing re-filed!) .

45. After denying an "unfiled" ,  then *suasponte*  converted   "re-filed Motion" (to transfer)

<u>which does not exist in the record</u>, and blinded by its  raging anger , hostility towards

petitioner's husband and as a <u>remarkable violent jurisprudence</u>  , entered a baseless,

meaningless, frivolous harassing and threatening RTSC, **on  a self-serving   refiled, unfiled,**

**denied , non-existing motion.**   This is the most <u>outrageous ,unprecedented abuse</u>**.**  This

abuse was responded with a fitting response  by Petitioner with detailed narration of facts,

supporting evidence Exhibits and with legal briefing. (document 7 has a <u>total of 80 pages</u>).

46. It should be  *flabbergasting*  specter to anyone including a Jury, (leave alone the Seventh circuit

judges when all these abuses will be appealed)   as <u>to the extreme  level of  unprecedented</u>

<u>historic abuse of authority by</u> Judge Pallmeyer with blinding violent anger , vendetta, and the

magistrate -the absues of such authority even surpassed Trump.  First , nothing was <u>"refiled"</u> on

<u>May 26,2020 ;</u>  there is no record  both in this docket and in 20-cv-837 showing anything filed

on May 26,2020.

47. There is <u>no</u> "filed again" . However the  June 1,2020 order goes on to say,          " the **refiled**

**motion unfiled , denied**" (document  3)  and then issued RTSC on  this **nonexistent, "ref-filed**

**motion" which was** <u>**denied**</u>.    THIS IS THE EVEREST OF ABUSE , INDISPUTTABLE

EVIDENCE OF MALICIOUS , VINDICTIVE PERSECUTION,  none of which this
Petitioner deserves .

48. The perveretd sadism and desperateness to  harass this petitioner cannot be clearer in that now
the  magistrate wants a 'postmortem' to know who the 'electronic signature' , on an alleged *sua
sponte* assumed  "**refiled, un-filed, denied, nonexistence in  docket**" ,  else threaten to dismiss
an unrelated 20-cv-837 .

49. This  is the peak of malicious persecution and harassment ,   under *color* of office by  the
magistrate , a crime under Federal Hobbs  Act.  Seeking to "verify the  electronic signature"
as a postmortem, on a dead   "unfiled , non-existing "refiled" motion which was denied"
anyway , and on  top threatening to dismiss a  totally unrelated case 20-cv-837 is a classic
evidence of  flagrant abuse of authority;  harassment and malicious persecution,  evil sadism
driven  by  rage and blinding anger triggered by super ego and is an ***ultra vir*es act**.

50. When nothing filed in this case on May 26, 2020, in this case or in 20-cv-837 , the magistrate
judge  with no purpose and  the 'prelude' of "seeking identity" of the "electronic signature"
on a ghost document   which was made *sua  sponte* –"re-filed, unfiled, denied" ,    entered the
threatening *exparte* December 2, 2020 order .This  is intended for nothing but  to appease
the sadistic pleasure of her boss  and to quench her thirst  for vendetta by threatening to
dismiss **yet another case** unrelated to this docket (like  Pallmeyer did in 18-cv-3019).
There can be no  better definition of perverted sadism.

51.  This 'side show' spectacle by magistrate judge  is basically  a vindictiveness and retaliation
and  malicious persecution of this petitioner  under *color* of office  in retaliation for the

Petitioner's husband suing the magistrate judge , Pallmeyer and others in a State court [5].

52. The harassment is *tripled down* on December 2nd by vehemently and deliberately conducting *pseudo hoax* hearing *exparte*, [knowing fully well there was no notice as evidenced per the record (documents 14,6) ] due to a subpoena for deposition served electronically on magistrate on November 25, 2020 by the Petitioner's husband in relation to the pending State case 20LA007. (State court allows Electronic service of subpoenas due to Covid Pandemic).

53. So it is *beggar belief* there is <u>no</u> connection to the unconstitutional , baseless dismissal threats in the *exparte* order of December 2, 2020 entered a <u>week after the subpoena served,</u> besides deliberately proceeding with an *exparte* hearing knowing fully well from the docket entry on November 25, 2020 that the mail was returned undeliverable. (Documents 14, 6) .

54. This abuse of threatening to dismiss an <u>unrelated case</u> by the magistrate (within days after she was served the subpoena referenced above ) is <u>strikingly similar and analogous</u> to the collusion leading to the dismissal "extracted" on 18-cv-3019 from Coleman by Pallmeyer's behind the scenes tactics, and scheme and conspiracy to dismiss the case 180cv-3019 which happened suddenly within ten days after defendant Pallmeyer was served with summons on

---

[5] Petitioner's husband and Plaintiff in State case 20LA007 will soon be filing a Motion to Join his wife as co-plaintiff in the State case with exclusive count added for Monica Shekar as to two defendants already named defendants in the original state law suit 20LA007 and seek damages for abuses this petitioner endured, enduring ,including intentional infliction of emotional distress and mental anguish, besides defamation. Hence there exist a very severe conflict of interest as this petitioner is an adversary and will be co-plaintiff in the State case.

the State court law suit by petitioner's husband (who is the plaintiff in the State case) [6]

55. This is an unprecedented , atrocious and historic abuse , besides the fact this sabotage of case 18-cv-3019 was carried out by a non-jurisdictional judge Pallmeyer in the case 18- cv-3019 .

56. This 'Pallmeyer scheme' with Coleman now recycled through magistrate to extort and extract yet another a dismissal on 20-cv-837 by a non-jurisdictional judge Pallmeyer in case 20-cv-837, with an ulterior vicious motive , with an ultimate evil goal and intent to influence yet another Judge ( Judge Gettleman) through his magistrate who threatened to dismiss the unrelated case 20-cv-837 for no cause whatsoever. All the more outrageous to think of threatening with dismissal even by a district judge , leave alone magistrate judge (who has no authority under Article III ) , when there is a pending Motion to Remand the case 20-cv-837 back to State court and when the Federal jurisdiction is challenged. (document 17 in 20-cv-837)

57. The threat by the magistrate is a flagrant abuse of the Fourteenth amendment Rights; abuse of Judiciary.

58. The Fourteenth Amendment requires and mandates a member of any judiciary to entitle an individual to a fair opportunity to present his or her claim. *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62; *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113; *Logan v. Zimmerman Brush Co*., 455 U.S. 422, 437, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265.

---

[6]The case 18-cv-3019 was vigorously litigated by the plaintiffs for over two years ,was suddenly , under mysterious circumstance dismissed in a four liner minute entry with no Memorandum Opinion ; abused by dismissal against both plaintiffs; and at a time Plaintiffs' Motion for Summary judgment was pending . Defendant Pallmeyer was served the summons on the State law suit by the Petitioner's husband on **January 18,2020** and a case 18-cv-3019 , unrelated and non-jurisdictional to Pallmeyer was dismissed by Coleman on **January 29,2020** as a 'favor' to Pallmeyer, where the minute entry acknowledged the collusion by "chief judge". There we have it- for the Federal prosecutors, the Golden Nugget evidence of malicious persecution and harassment under color of office per Hobbs Act. It is not a rocket science to see through the abuses, evidence , as it is as clear and transparent like a clean glass.

59. These extreme outrageous , oppression, suppression of Petitioner's rights; tyrannical abuses and persecution; unprecedented abuse of authority; *ultra vires act* will be appealed as of right; by a Rule 21 Mandamus Petition; and by   filing an Application to the U.S Supreme Court Circuit Justice Kavanaugh ( who recently joined the high court's two unanimous decisions on December 8th and 11th , 2020 sending a resoundingly clear signal   even the president is not above the  law  by denying Trump Application to disenfranchise millions of ballots. ( 592 U.S. December 11, December 8, 2020) . Pallmeyer's efforts to   disenfranchise Petitioner's  Constitutional  rights will be appealed all the way to U.S Supreme court if needed after appealing in Seventh circuit.

60. As stated before , Petitioner is required  to file  this 'objections'  as first step , before review by the appellate court   of  the abusive magistrate order , the abuse of authority includes threatening to dismiss an unrelated  case , 20-cv-837 where **even jurisdiction not decided, and where there is a pending motion to remand the case back to state court.**  (Document 17 in 20-cv-837)[7]

61. Plaintiffs as masters of  the  case chose the State court, after enduring   multiple harassment, frenzied efforts by Pallmeyer to *cripple* the Plaintiffs efforts to seek relief in a court of law and sensing Pallmeyer's  relentless, persistent hostile efforts  to obstruct   filings .

---

[7] The 20-cv-837 case  is an improperly, defectively  removed  State case  2019-L-013692 where both   Monica Shekar and  Roger  Shekar are both party plaintiffs; the case 20-cv-837 is  not an initial filing in District court;   After the removed  case thoroughly vetted by the  Executive committee the case is docketed under 20-cv-837 and **randomly assigned** to Judge Rowland with both **plaintiffs intact and undisturbed;** the docket evidence both are plaintiffs. This randomly assigned case 20-cv-837 is not an overlap of a voluntarily dismissed  case 19- cv-8155  where only this petitioner is the solo plaintiff, which was voluntarily dismissed anyway;  neither it overlaps the 19-cv-7812 either even though that  was never brought up,  where both Roger and Monica Shekar are the  plaintiffs but  treacherously co-plaintiff  Roger was removed by Pallmeyer as co-plaintiff and made  this Petitioner as solo plaintiff. Plaintiff voluntarily dismissed case 190cv-7812 later. Due to the  extreme  hostile forum to Plaintiffs , plaintiffs asked Ed Hull to file the action in State court after co-plaintiff Roger did a research that RESPA claims have dual jurisdiction which even the counsel Ed Hull was not aware of it. That State case  is the one removed improperly by the  defendants ,with both plaintiffs, vetted by EC for ten days; randomly assigned to Judge Rowland  docketed under 20-cv-837 with both **plaintiffs intact and undisturbed.**

62. Petitioner and her husband as plaintiffs filed the case 2019-L-013692 in Law Division Cook County as RESPA claims has <u>dual</u> jurisdiction; there are no Federal claims pleaded in the removed State case .[8] " Plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum." *Anderson v. Bayer Corp.,* 610 F.3d 390, 393 ( 7th Cir. 2010)

63. There is a pending motion in 20-cv-837 to grant leave to recruit and seek a counsel appear for both plaintiffs in 20-cv-837 . ( document 47 in 20-cv-837) . The said counsel once hired and appeared in the case 20-cv-837 , would file a motion to transfer the case to Judge Rowland; set a briefing schedule on the pending motion to remand to State court .

64. Motion To Transfer to randomly assigned Judge Rowland is necessitated and <u>will be filed by a counsel for both Plaintiffs,</u> as 20-cv-837 is the <u>only case</u> where <u>both</u> husband and wife are the <u>party plaintiffs</u> ; who are co- signers on the property held and titled as "Tenancy in its entirety" .

65. If Monica Shekar is the only plaintiff in 20-cv-837 , then there would have been no need to transfer , as that falls under Rule 40.4 to be assigned to Judge Gettleman as the prior case 19-cv-8155 (where this petitioner Monica was the <u>solo</u> plaintiff) assigned to him. That is not the situation here in 20-cv-837 , where both Monica and Roger are the Plaintiffs, and this is the <u>only case</u> where both Petitioner and her husband are the Plaintiffs.

66. The case 19-cv-8155 and 20-cv-837 do not overlap as wrongly interpreted , as argued and briefed . ( document 7 )

67. Nonetheless, Petitioner Monica Shekar took a voluntarily dismissal of that case 19-cv-8155 for the <u>sole purpose to have a clear path to Judge Rowland; to proceed</u> before Judge Rowland

---

[8] Nevertheless Plaintiffs are free to add Federal claims if they chose to in the State case. "The state courts remain open and most federal claims can be litigated in state court" , Support Sys. Intl, Inc. v. Mack, 45 F.3d.. (7th Cir.)

where both spouses are party plaintiffs. A solo Plaintiff Monica Shekar cannot survive her claims and cannot get any relief without her husband as co-plaintiff who is a necessary party plaintiff ; property titled "tenancy in its entirety" ; both plaintiffs are necessary parties as they are co-signers of the underlying contract, which was breached by the defendant Ocwen, raising to RESPA and other claims pleaded in the complaint 20-v-837. Petitioner further elaborate in the following Section paragraphs as to the necessity of co-plaintiff:

**A.** A party is required and necessary party if, " (b) that person claims an interest relating to the subject of the action and is so situated that proceedings of the action in the person's absence (i) as a practical matter impair or impede the person's ability to protect the interest;" *Thomas v United States,* 189 F.3d 662, 666 (7th Cir. 1999); *Ploog v Homeside Lending, Inc.*, 209 F. Supp. 2d 863, (DCND Il. 2002). See Fed.R.Civ.P. 19(a). Both Plaintiffs Roger and Monica are persons who have an undisputed interest in the "subject of the litigation" (the property, mortgage, note, and the modification contract) and "are situated" that any proceedings as to one plaintiff without the other in this action , the absence of one of them would clearly "impair or impede" both parties ability to protect their interests. The litigation cannot proceed without both plaintiffs .

**B.** Plaintiffs owns the subject property as "Tenancy in its Entirety". The law on Joint Tenants by the Entirety is clear "each spouse's interest comprises the whole or entirety of the property and not a divisible part; the estate is inseverable." *United States v. One Single Family Residence* 894 F.2d 1511, 1514 (11th Cir. 1990), citing Andrews v. Andrews, 155 Fla. 654, 21 So.2d 205, 206 (Fla. 1945). "Creditors of one of the spouses may not attach and sell the interest of a debtor spouse; only creditors of the couple may attach and sell the interest in the property owned by **a tenancy by the entirety**; and so a tenant by the entirety may not sell

19

or give away his interest in the property without the consent of the other tenant".

*Loventhal v. Edelson* 844 F.3d 662 (7th Cir. 2016)

68. The removed case was randomly assigned to Judge Rowland on February 10, 2020 **with both plaintiffs intact** anyway. The 'side show' by the Magistrate is a tactical, unconstitutional act in collusion with Pallmeyer , to <u>undo</u> that <u>random assignment with both plaintiffs intact to Judge Rowland</u> , like a " Monday Morning Quarterback" .

## ADDITIONAL EVIDENTIARY ABUSES TO BUILD RECORD ON APPEAL

69. In addition to the unprecedented abuses narrated in the foregoing paragraphs , the record will also evidence that petitioner withdrew any motions sent for filing ( <u>which were made unfiled</u> anyway) as she was technically represented by a counsel and prohibited under Rule 11 to file prose filings. (Document 4 )

| 06/02/2020 | 4 | MOTION by Plaintiff Monica Shekar to vacate the June 1, 2020 Executive Committee Order (39) in its entirety and voluntarily **withdraw the previously sent motions** (**not docketed/not filed by the Clerk**) without prejudice to re-file (Exhibits). (td, ) (**Entered: 06/08/2020**) |

69. However as a pattern of continued criminal fraud of tampering with court filings, forgery of altering the court record , filing dates , fabricating docket entries, the motion by petitioner to withdraw her *Pro Se* motion , ( as she was represented by counsel), was not entered <u>until June 8,</u> though the received <u>date stamp says **June 1, 2020**</u> ( attached as **Exhibit 2**)

70. This fraud of deliberate delay in entry and vicious intent and conspired reason behind this deliberate delay in docket entry <u>is obvious from the evidence in the record.</u>

71. The reason for the malicious , deliberate delay in the <u>entry till June 8th ,</u> evidently under instructions from Judge Pallmeyer , is quite simple to explain - to <u>fraudulently create a perception</u> in the record <u>as if the motion to withdraw</u> Petitioner's *Pro Se* motion was

filed   <u>after the counsel withdrew</u> on June 5th ,  whereas the petitioner motion received on
<u>June 1st</u> as evidenced per  the clerk file stamp  in Exhibit  2.   Ed Hull <u>was still attorney of
record till June 5th</u> and the prose <u>motion received on   June 1st</u> .

72. This delay of  eight  days  is <u>deliberately orchestrated</u> by Pallmeyer <u>in collusion with the
clerk, and intended</u> <u>that way</u>  , as postponing the docket entry  <u>was necessitated</u> <u>to carry
out  a collusion</u> and <u>conspiracy</u>  to issue a frivolous, meritless , harassment RTSC on
June 1, 2020 . The *Pro Se* motion to withdraw her motion received the <u>same day June 1</u>,
( Exhibit 2)   was a '<u>hindrance and road blocker'</u> to carry out the conspiracy, abuse and
harassment of issuing a frivolous, baseless, meritless RTSC , ( with a made-up story
that petitioner "re-filed" a (non-existing) motion for transfer to Judge Rowland) fabricated
from a   *sua sponte*  self-made "**<u>refiled motion to transfer  unfiled, denied</u>** ";  and <u>on top</u>
issued RTSC on a **non- existing  "re-filed, unfiled, denied motion".**   So to enter the
abusive RTSC,  Pallmeyer had to conceive and collude with the clerk to do the following:

- petitioner counsel 'must go' before the  June 1st clerk received motion to  withdraw
  her  Pro Se motion by the Petitioner entered /docketed, hence needed to delay the
  docket entry ; once counsel Hull  withdrawal  motion granted before the docket entry
  of  document (4),  that  order granting counsel withdrawal will invalidate the
  Petitioner's reason in her motion to withdraw any motions filed on the basis  that she
  was represented by a counsel

- so the non-existing magic numbered May 26th ghost motion  (sent for filing, <u>never
  filed but *sua sponte*   made re-filed, unfiled and denied</u>) will be deemed  as *Pro Se*
  motion  giving Pallmeyer clear  path of issuing a meritless, frivolous RTSC abusing
  Rule 11   (which was opposed, responded by the  Petitioner (document 7)  . This kind

of historic crookedness and abuse could never ever be found in Federal Judiciary in 240 years history.

73. After fabricating a RTSC as explained above, and in order to be <u>consistently fraudulent</u> and deceptive, a <u>hurried collusion</u> with Judge Gettleman took place by Pallmeyer around June 5th to have him grant the motion to withdraw by counsel Hull <u>immediately</u> . The withdrawal motion by counsel Hull which Hull filed a **month before** <u>**on May 5th**</u> and was in '**coma'** for a month , <u>suddenly</u> given life and resurrection on <u>June 5th</u> and Judge Gettleman <u>hurriedly granted the motion to withdraw on June 5th</u> (Document 40 in 20-cv-837) . <u>Three days later on June 8th</u> the *Pro Se* motion received on **June 1,** Exhibit 2 (4) was <u>entered</u> after deliberately delayed <u>for eight days from June 1st</u> as evidenced in red highlights in paragraph 68, "Entered" when it <u>was received</u> on June 1st, as evidenced in red clerk stamp showing , "RECEIVED" on June 1st. (Exhibit 2).

74. In order to be <u>consistently fraudulent</u> and deceptive, and as a criminal obstruction of justice, the document (8 ) which is a motion sent for filing in 20-cv-837 was intercepted , deliberately altered and forged by scanning the <u>blank backsides</u> of the pages 2-26 of Exhibit X in document 8 attached as evidence **Exhibit 3**.

75. In order to be <u>consistently fraudulent</u> and deceptive, the filings intended for filing in 20-cv-837 as to petitioner withdrawing her *Pro Se* motion also was deliberately delayed entering in docket in 20-cv-837 as well, until June 8, 2020 the ulterior motive and vicious intent to harass with an RTSC ( which has no standing in any court of law in USA) as narrated in paragraphs 68 -74

| 06/02/2020 | 41 | MOTION by Plaintiff Monica Shekar to vacate the June 1, 2020 Executive Committee Order (39) in its entirety and voluntarily withdraw the previously sent motions (not docketed/not filed by the Clerk) without prejudice to re-file (Exhibits). (td, ) **(Entered: 06/08/2020)** |

76. The document 41 will be an evidence to prove the deliberate criminal intent to render the filings intercepted and filed in 20-cv-2984 as stated in paragraph 74 to falsify as blank papers sent for filing (Exhibit 3) whereas the document (41) has all the pages in Group Exhibit X marked as **Exhibit 4 .** Whereas these pages 2-26 mysteriously disappeared when intercepted to plant in 20-cv-2984 (document 8, Exhibit 3 ) even though the filing is not intended for 20-cv-2984, (the motion clearly identified the case no: 20-cv-837) . Because Petitioner sent twice this motion, the second one escaped the onslaught of criminal abuse of intercepting filings not intended in this case 20-cv-2984 and filed as document 41 with all the pages intact. (Exhibit 4) .

77. By delaying till June 8th to file the prose motion received on June 1st , ( Exhibit 2 ) and *resurrecting a coma motion* to withdraw by counsel ( filed a month before by counsel Hull on May 5th document 26 in 20-cv-837) and hurriedly granting it on on June 5th, (document 40 in 20-cv-837) the cunning ,conniving ,treacherous plan to create a perception that Pro Se motion to withdraw her motion (4) (sent for filing and made unfiled) was sent after the counsel withdrew and deceptively delayed and filed on June 8th to defraud the petitioner withdrawal of her *Pro Se* motion. But the red clerk stamp evidence vividly showing **received date of June 1,2020** cannot lie. (Exhibit 2) . The '**jig is up**' as to the collusion and conspiracy behind the illegitimate and abusive harassment RTSC.

78. Neverthess there exist no 'ghost' motion with 'magic number' May 26th allegedly "re-filed" made "unfiled , denied " per court's suasponte order. " The refiled motion is denied" even though the "ghost re-filed" motion with a magic date of May 26th nowhere to be found in this Universe.

79. In addition to all the abuses narrated in the foregoing paragraphs, Judge Pallmeyer made sure she *stretched her muscle* at every level at the clerk's office, to harass, persecute this Petitioner [9]. There exists multitude of fraud ,forgery in docket entries and to alter, misrepresent the record to prejudice the petitioner's diligent filings and evidence of criminal obstruction of justice to harm the petitioner by manipulating the record, which will be addressed and briefed in appeal.

80. To name and add to abuses, fraudulent docket entries, back dating, forgery and scanning blank pages (Exhibit 3) and all other and proved with evidence in the paragraphs 68-77 , below are few more for the record:

- The Time sensitive Preliminary Response filed for RTSC was deliberately **delayed for a month** with an intent and attempt to *create and fabricate some sort of default*. The response received on **June 2, 2020** ; delayed **for a month** and not entered until **July1,2020**

| 06/02/2020 | 7 | PRELIMINARY MOTION to Quash the rule to show cause- and preliminary response and Monica Shekar's motion to grant leave to retain counsel to file a final motion to quash the rule to show cause and to file a final response to the RTSC by In Re Monica Shekar. (Exhibit). (mc, ) **(Entered: 07/01/2020)** |
|---|---|---|

- The time sensitive Motion to vacate the derogatory, defamatory order deliberately delayed by **45 days** to continue the incriminatory defamatory rhetoric stay in public domain to harm the petitioner ,such absue is continuing , cumulative .

| 06/08/2020 | 8 | MOTION by In Re Monica Shekar to vacate the June 1, 2020 Executive Committee Order 3 in its entirety (Exhibits). (td, ) Modified on 7/20/2020 (td, ). **(Entered: 07/20/2020)** |
|---|---|---|

- Fraudulent delay in docketing the Motion 41 in 20-cv-837

| 06/02/2020 | 41 | MOTION by Plaintiff Monica Shekar to vacate the June 1, 2020 Executive Committee Order (39) in its entirety and voluntarily withdraw the previously sent motions (not docketed/not filed by the Clerk) without prejudice to re-file (Exhibits). (td, ) **(Entered: 06/08/2020)** |
|---|---|---|

[9] It is easy to obtain the co-operation of the clerk to accomplish the collusion and to forge , tamper record and docket entries delayed for weeks and months in an attempt to create a default ; create a perception in the record as if Petitioner failed to meet time sensitive deadlines ; falsifying the record to fraudulently defend against any appeal, all these as part of persecutory efforts by Pallmeyer , and clerk Bruton is a willing accomplice as clerk Bruton is a named defendant in the State law suit filed by the Petitioner's husband.

## **CLOSING REMARKS, ARGUMENTS**

The  foregoing paragraphs narrated in this entire body of "Objections" and the  record will reflect with <u>indisputable, compelling evidence</u>  of overwhelming, unprecedented, historic abuses of judicial authority by Judge Pallmeyer and magistrate Finnegan who are  holding themselves <u>'above the law'</u>. The spectacular and conspicuously self-defeating , flip-flopping docket entries are self-evidence  of extreme  malice, malicious persecution and harassment  of using and abusing this petitioner  as a '*punching bag*' and *media* for <u>her husband's</u>  legitimate ,legal recourses  taken against Judge Pallmeyer and magistrate and others , which included seeking  Federal criminal indictment under Federal Hobbs Act- "Malicious Persecution and Harassment under color of office'. [10]

This petitioner is caught in the middle of a *crossfire* of a "personal fire-fight" between the plaintiff ( petitioner' s husband) Roger Shekar and defendants in State case 20LA007 which include Pallmeyer, Finnegan,Gettelman  et., al.

The harassment , abusive order including creation of a <u>derogatory, defamatory </u>docket 20-cv-2984 under *disguise* of Administrative order is viciously carried out to play 'emotional games' between the  spouses (Monica and Roger); to <u>cause domestic disturbance</u> - a state crime; to <u>disturb the marital tranquility and marital harmony</u> of  a <u>sacred marriage</u>  between  Roger and Monica Shekar who are  married for 25 years . The abuses articulated, narrated in this filing are done knowingly what they are doing and done for the *hell of it* .

---

[10] All these legal recourses and actions taken by the  Petitioner's husband , the defendants Pallmeyer  Finnegan et al., are <u>very much  aware of</u>, as those legal actions and the  complaints filed with the Inspector General of the Dept. of Justice; FBI Director; Executive Director for U,.S Attorneys;  and the Chairman of the  Judiciary  committee are attached as Exhibits   to the  pending  Petition for Restraining Order and Order of Protection referred earlier , filed by the  Petitioner's husband Roger Shekar  in the State case 20LA 007 who  noticed and served the defendants the said OP Petition with  all Exhibits referred herein.

Petitioner  or  her husband Roger Shekar <u>will not be</u> **cowed down by such abuses** , <u>strong</u>

<u>arm tactics  to surrender to a Judicial Tyranny and to a Judicial Dictator, Anarchist.</u>

The self-contradicting, self-defeating , self-evidence of fraud, deception, forgery  in docket

entries ( as the one evidenced in  document 7,paragrahs 68-78) ;  abusive orders; , abusive docket

creation 20-cv-2984   are all triggered   by extreme vindictiveness; deep seated antagonism;

hostility, against petitioner' s husband  and driven by <u>blinding anger and super  ego</u> .  The specter

can be easily identified  by any Jury, who can easily recognize these retaliatory  abuses and

defamation . The unconstitutional vindictive rulings and threats throughout , including the threat by

the magistrate in her order ( 15)  threatening to dismiss an unrelated  case 20-cv-837 are   besides

being illegal , are unconstitutional;  no basis ; no support of any facts  or laws ;  are also at the

<u>threshold level of crossing the red line into State and Federal crimes of malicious persecution;</u>

<u>hazing; profiling and bullying under color of office.</u>   Issuing  an RTSC on a   <u>self-proclaimed</u>

"re-filed,  unfiled, denied  motion"  is the <u>golden nugget evidence</u> for the Federal prosecutors at

the  Inspector General office of the Dept. Of Justice on the Petitioner's  husband complaint  with

the DOJ and for a hearing before the Judiciary Committee   to prove beyond reasonable doubt  ,

"Malicious Persecution, Harassment under *color* of office" , a violation under  Hobbs  Act.

This docket 20-cv-2984 is manufactured , and created and all entries <u>vehemently planted,</u>

fraudulently fabricated  from  the narcissistic imagination and from  there , an evolution of      self-

serving,  made-up, delusional false premises as to electronic filing; ECF registration;  falsified facts

and created alt-facts to tarnish this petitioner ;  false , bogus, unsubstantiated accusations against the

Petitioner, with no peck of truth to any of the  self-serving *sua sponte* , tawdry allegations to create

an abusive docker 20-cv-2984 driven by pure, wanton, malicious , unadulterated, perverted sadism.

The abusive orders entered in the underline swiftly created "profiling" docket at *warp speed,* within days after ECF registration and planted in this derogatory ,abusive ,profiling docket created within 48 hours of ECF registration; with conclusory, self-serving , defamatory statements with inflammatory language , made in those entries including tacitly branding this petitioner to be a liar. The record speaks volumes of the total disregard , total disrespect of the petitioner and abuse of petitioner's Constitutional rights to petition courts to redress grievances and seek relief on her legitimate claims against the defendants in 20-cv-837( and 18- cv-3019) – such fundamental constitutional rights guaranteed to every citizen under the First and Fourteenth amendments to the United States Constitution.

Even assuming as devil's advocate, and to give any *credence* to the numerous *innuendo* and to the 'side-show' spectacle by the magistrate's theatrical proceedings ; as to the impertinent inquisitiveness; the malicious suspicions, self-serving hypothesis and the vicious speculation as to the so called "electronic signature" on a *sua sponte* made "non-existing , re-filed, unfiled, denied motion" , and as to any filings for that matter, Petitioner is not required to answer any of these speculations, insinuations and innuendo, and she is protected Pursuant to Illinois laws and statutes 735 ILCS 5/8-802 and 725 ILCS 5/115-16 . " *Communications between spouses are confidential and protected under Marital privileges act*" .

The Marital privileges and protection of confidential communications between spouses has been around since 1684 and in effect since 1853 in United States of America called Evidence Amendment Act of 1853 which stated ".... (*N)o wife shall be compellable to disclose any communication made to her by her husband and (N)o husband shall be compellable to disclose any communication made to him by his wife during marriage"* . This paragraph is cited solely as a " devil's advocate" and argued for the sole purpose as a pre-emptive response and to

address   the constant , relentless *innuendo* ,insinuation ,harassment of this petitioner and <u>should</u>
<u>not be construed in any  shape or form or manner  to convey anything else neither the petitioner</u>
<u>conceding to  any such inuendo.</u> Petitioner is well educated, knowledgeable  and she has no
*marionette*. Petitioner is also aware  what it means "taking the Fifth".

As instructed and advised  to the Petitioner' s husband by the Inspector General of the
Department of Justice department and the aide to the Chairman  Nadler of House Judiciary
Committee, any filings in this docket 20-cv-2984 are to be marked copies to them.

### CLOSING STATEMENT

The  record will reflect with indisputable, compelling evidence  of overwhelming,
unprecedented, historic abuses of judicial authority by Judge Pallmeyer and magistrate Finnegan
who are holding themselves '<u>above the law'</u>; making their own laws not passed by the Congress  or
signed by any President.

The 'jig is up' and the tawdry, treacherous abuses ,harassment,  malicious persecutions,
obstruction of justice in 18-0cv-3019  and now in 20-cv-837 will be appealed; the laughable
"sideshow" spectacle and 'theatrical harassment and abuses' by the magistrate as to her own  share
of  intimidation, arm-twisting  tactics and *low brow* efforts and  threats to dismiss an unrelated case
20-cv-837 will all be appealed, briefed, orally argued   in Seventh Circuit.

The nadir of  Pallmeyer campaign against this Petitioner is  to *<u>cripple</u>* the prosecution of
the  case 20-cv-837 , like Pallmeyer did in 18-cv-3019 , by creating this abusive docket 20-cv-2984
filled with  frenzied and baseless accusations . It is clear that Pallmeyer is willing to employ any
tactic, no matter how abusive and deceitful, and out of bounds of judicial decency, judicial fairness
and beyond the  pale and  Rule of law.

As instructed and advised to the Petitioner' s husband by the Inspector General of the Department of Justice department and the aide to the Chairman Nadler of House Judiciary Committee, any filings in this docket 20-cv-2984 are to be marked copies to them[11].

The <u>red line</u> between legal errors and judicial misconduct and abuses have been <u>crossed</u> by the magistrate and Judge Pallmeyer multiple times with abundant record evidence to support those 'kraken' abuses which will be 'croaked' in Appeals. Petitioner believes the Appellate court will put an end fittingly with a severe admonition as to this circus, spectacle, sideshow and narcissistic abuses.


December 13, 2020                                          By: <u>/s/ **Monica Shekar**</u>
                                                                Petitioner

c/o CSA Ltd
950 Plum Grove
P.O.BOX 681085
Schaumburg, IL 60168-1085

 <u>Courtesy copies sent via E mail and  Registered mail to</u>:

Chief Justice John Roberts, Jr███████████████████; as Chairman of the Judicial  Conference of the United States Courts
Associate and Circuit Justice Kavanaugh  ██████████████
Judge Anthony J. Scirica  Chairman of the U.S Supreme Court Committee on Judicial Conduct and Disability
Via E mail to ████████████████
Hon. Michael E. Horowitz, Inspector General , United Sates Dept. of Justice via E mail ██████████@usdoj.gov.
Hon. Jerry Nadler , Chairman ,  House Committee on Judiciary
Eric S. Dreiband,  Asst.Attorney General , Civil Rights Division , Criminal Section, USDOJ  Via E mail
Honorable  James Duff, Administrative Director, U.S. Courts,  Washington, D.C  Via E mail jduff@███████████
Hon. Christopher Wray, FBI Director via E mail
Hon.Corey Ellis, Executive Director For the U.S attorneys  ████████████

---

[11] Petitioner's husband Roger Shekar was informed by the Judiciary Committee Chairman Nadler  office that when the new House commence business in January 2021 , Mr. Shekar's Complaint for impeachment  will be presented for a voice vote after finishing all the formal closed door hearings and to send to the Senate Judiciary Committee for further actions as the abuses by Judge Pallmeyer is overwhelming and provable beyond reasonable doubt by Petitioner's husband  as to Hobbs  Act crimes: "Malicious Persecution, Harassment under *color* of office" .

# EXHIBIT 1

some sort of "leave" required to  file the Motion to Vacate sent on June 1,2020,citing an "amended executive order" of May 20, 2020  .

10. Contrary to what it says in June 8, order  (42) there is **nothing**  in the cited May 20th, 2020 "amended" executive committee order (37) requiring plaintiff  Mrs. Shekar to seek <u>leave before even filing paper</u> copies.  The *aforesaid* papers- Motion to Vacate June 1 order (39) sent for filing in this case *is no different from any filings in any ordinary course of litigation of any case  by any parties.*

11. The June 8, 2020 order , (42)  ( in spite of the fact it was entered **eight days  later** after the Motion To Vacate   "received "  by the clerk on June 1,2020  ( as it shows in Group Exhibit A with clerk "RECEIVED" stamp  in "red") and <u>*notified 11 days later*</u> as to the disposition on  Motion to Vacate by U.S Mail on June 11, 2020*** (  since June 1, 2020  Motion To Vacate  received by  the clerk, 11 days) .

12. The June 8, order *did not extend  any time*  seeking response to RTSC and *practically pre-empted any response and  gives no time at all as the* order was received on June 11, 2020, with unreasonable expectation  asking  Mrs. .Shekar to respond same day.

---

*** As informed to clerk Michael Wade by co-plaintiff Roger Shekar via his  business E mail, the email address cseltd@mail.com **is blocked since June 2, 2020  from   receiving any incoming  E mails** with ilnd.uscouts.gov domain; This is done due to the fact **the outgoing  E mails**  to ilnd.uscourst.gov is blocked by the clerk; co-plaintiff Roger Shekar  **permanently blocked** all  incoming E mails from ilnd.uscourts.gov  to cseltd@mail.com  to avoid **any harm to the co-plaintiff and his wife Mrs. Shekar**, when she cannot communicate  for outgoing E mail to the clerk ;  to avoid any time sensitive  materials sent to this E mail by the clerk when she cannot respond  as her email cseltd@mail.com blocked.   In addition, Pursuant to Local Rule 5.3 (a)1  Mrs. Shekar **has not  given written consent to   E mail notices and services**. Additionally , clerk Mr. Wade is also  aware  that any mails sent to any other address other than  P.O,Box 681085 ,Schaumburg 60168, have been returned many times (imaged and photographed), specifically  stating in the returned envelope back (imaged) that all communication must be to Schaumburg address ; and for safety and security reason the address and phone number on docket  which **was not provided by the plaintiff**  to be removed .Of course Mr. Wade cared less , as  the unauthorized address and phone number still placed in public docket ; and the unauthorized communication by Mr. Wade , who  continue to send mails to unauthorized address,  other than Schaumburg address,  are all returned as "refused", which the clerk  is very much aware .

# EXHIBIT  2

RECEIVED TG
6/1/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MONICA SHEKAR AND ROGER SHEKAR, | ) |
| | ) |
| Plaintiffs, | ) No: 20-cv-837 |
| | ) |
| v. | ) |
| | ) |
| | ) |
| OCWEN LOAN SERVICING, LLC, et .al, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF MONICA SHEKAR'S  MOTION TO VACATE THE  JUNE 1, 2020 EXECUTIVE  COMMITTEE ORDER  (39) IN ITS ENTIRETY**

**AND**

**VOLUNTARILY WITHDRAW THE PREVIOUSLY SENT MOTIONS ( NOT DOCKETED/NOT FILED BY THE CELRK )  WITHOUT PREJUDICE TO RE-FILE**

1.  Plaintiff  Monica Shekar  filed the motions to vacate the order (35) and Motion to transfer the case to Judge Rowland (none of the motions docketed) but referred in the Executive committee order   (39) docketed  in this case.  (there are no docket entries for the  two motions).

2.  Plaintiff Monica  Shekar sent those motions for filing  by herself and used her personal E mail  address as stated in those motions to vacate (since  the  order  (35) stated the E mail cse.ltd@mail.com  has been **blocked** ).

3.  Plaintiff Monica  Shekar   never received any response  for the E mail  filings sent from her personal E mail  and hence sent second time.  ( as she was afraid the first E mail might have

1

# EXHIBIT 3

RECEIVED TG
6/1/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MONICA SHEKAR AND ROGER SHEKAR,      )
                                     )
                    Plaintiffs,      )   No:  20-cv-837
                                     )
         v.                          )
                                     )
                                     )
OCWEN LOAN SERVICING, LLC, et .al,   )
                                     )
                    Defendants.      )

**PLAINTIFF MONICA SHEKAR'S  MOTION TO VACATE THE  JUNE 1, 2020 EXECUTIVE  COMMITTEE ORDER  (39) IN ITS ENTIRETY**

**AND**

**VOLUNTARILY WITHDRAW THE PREVIOUSLY SENT MOTIONS ( NOT DOCKETED/NOT FILED BY THE CELRK )  WITHOUT PREJUDICE TO RE-FILE**


1. Plaintiff  Monica Shekar  filed the motions to vacate the order (35) and Motion to transfer the case to Judge Rowland (none of the motions docketed) but referred in the Executive committee order   (39) docketed  in this case.  (there are no docket entries for the  two motions).

2. Plaintiff Monica  Shekar sent those motions for filing  by herself and used her personal E mail  address as stated in those motions to vacate (since  the  order  (35) stated the E mail cse.ltd@mail.com  has been **blocked** ).

3. Plaintiff Monica  Shekar   never received any response  for the E mail  filings sent from her personal E mail  and hence sent second time.  ( as she was afraid the first E mail might have

1

# EXHIBIT 4

FILED TD
6/2/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MONICA SHEKAR AND ROGER SHEKAR, )
)
Plaintiffs, )  No:  20-cv-837
)
v. )
)
)
)
OCWEN LOAN SERVICING, LLC, et .al, )
)
Defendants. )

**PLAINTIFF MONICA SHEKAR'S  MOTION TO VACATE THE  JUNE 1, 2020
EXECUTIVE  COMMITTEE ORDER  (39) IN ITS ENTIRETY**

**AND**

**VOLUNTARILY WITHDRAW THE PREVIOUSLY SENT MOTIONS ( NOT
DOCKETED/NOT FILED BY THE CELRK )  WITHOUT PREJUDICE TO RE-FILE**

1.  Plaintiff  Monica Shekar  filed the motions to vacate the order (35) and Motion to transfer the
    case to Judge Rowland (none of the motions docketed) but referred in the Executive
    committee order   (39) docketed  in this case.  (there are no docket entries for the  two
    motions).

2.  Plaintiff Monica  Shekar sent those motions for filing  by herself and used her personal
    E mail  address as stated in those motions to vacate (since  the  order  (35) stated the E mail
    cse.ltd@mail.com  has been **blocked** ).

3.  Plaintiff Monica  Shekar   never received any response  for the E mail  filings sent from her
    personal E mail  and hence sent second time.  ( as she was afraid the first E mail might have